The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Plaintiff began work with defendant-employer on 16 August 1993, and at all relevant times there existed an employee-employer relationship between plaintiff-employee and defendant-employer.
3. Subject to verification through defendant's actual production of an accurate and properly completed Industrial Commission Form 22 for an employee who was similarly situated as plaintiff and employed for more than six months, the average weekly wage of plaintiff was $160.03.
4. Medical records of Dr. Shashi Sethi and Dr. David E. Eifrig pertaining to plaintiff are stipulated into evidence as are deposition testimony of said doctors.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was employed with defendant-employer. At all times relevant to this action, plaintiff has been able to speak only a few words in English. Spanish is plaintiff's native language.
2. On 16 November 1993, while plaintiff was moving some furniture in the regular course of his assigned job duties, a piece of furniture stacked upon a movable furniture cart which plaintiff was pulling fell and hit him in the right chest and right forearm.
3. Plaintiff, along with an interpreter, reported to the company nursing clinic and reported that a frame fell from a buggy striking his right anterior chest and his right forearm. Nurse Carolyn Morrison, who examined and treated plaintiff, found a superficial abrasion on the right forearm and a reddened area on plaintiff's right anterior chest.
4. Plaintiff mentioned nothing to Nurse Morrison through his interpreter about any blow to his head or any injury or accident involving his eye.
5. Nurse Morrison applied ice for fifteen minutes both to the forearm and to the chest.
6. Between the accident date of 16 November 1993 and 30 March 1994 plaintiff made no complaints to anyone at work, including his supervisor or the company nurse, of any problems involving his eye.
7. On 30 March 1994 plaintiff reported to the nursing station complaining of eye irritation. Nurse Morrison examined his eye, which appeared red and irritated, flushed the right eye with a cleaning solution, but could detect no corneal abrasion or foreign body.
8. On 2 April 1994, plaintiff reported to the emergency room of Wesley Long Community Hospital in Greensboro, where he was examined by medical eye specialist, Dr. Shashi Sethi. The emergency room record from Wesley Long indicates that plaintiff was accompanied by a person who translated for him.
9. Plaintiff reported to Dr. Sethi that he had experienced eye pain for approximately five days along with a loss of vision. In the various records from Wesley Long Hospital, including notes of the treating physician and nursing staff, there was no mention of any kind of trauma to plaintiff's eye, whether work-related or not.
10. Although the emergency room report did not specifically state the cause of plaintiff's right eye problems, Dr. Sethi normally questions someone with a sore eye by asking pertinent questions, which Dr. Sethi assumes he asked on this occasion. If the patient states that he had an injury or history of trauma, Dr. Sethi would normally have mentioned that in his records.
11. Dr. Sethi's initial working diagnosis was pan uveitis.
12. Dr. Sethi referred plaintiff to the UNC Hospital Ophthalmology Clinic, and in his referral report, Dr. Sethi described plaintiff as having pain and inability to see with his right eye, with no history of injury.
13. Plaintiff was examined by Dr. David E. Eifrig, of the UNC Ophthalmology Department for the first time on 28 April 1994. At that time, plaintiff reported pain in his eye which he said had been present for two months.
14. Plaintiff had a chronic vitreous hemorrhage in the right eye.
15. Although one of the record's entries in the UNC Hospital chart, made by Dr. Eifrig's medical partner, Dr. Casey, noted trauma to the right eye from furniture falling at work, Dr. Eifrig then examined Dr. Sethi's report and noted that there was no history of injury or trauma.
16. At the hearing in this case, both on direct examination and cross-examination, plaintiff described the 16 November 1993 incident as involving furniture hitting him on top of his head as well as his chest and right forearm, but never described any trauma to his eye, face, or even his forehead.
17. Asked if the injury to plaintiff's right eye could have been caused by indirect impact, Dr. Eifrig testified that such impact would have had to have been really forceful, as from a bullet.
18. A blow from a piece of furniture falling and hitting plaintiff on the head would not likely cause a vitreous hemorrhage of the eye. Only a direct blow to the eye could cause such condition.
19. Although some sort of trauma was involved in plaintiff's right eye injury, the undersigned could not determine what the source of that trauma was. Medical records in this case are not determinative of when plaintiff actually experienced the trauma to his right eye.
20. If plaintiff had experienced trauma sufficient to cause the above-described vitreous hemorrhage, it is unlikely that plaintiff could have waited five months to contact a medical doctor, due to the great amount of pain associated with this type of injury.
21. Plaintiff's right eye suffered some kind of trauma, but exactly when that trauma occurred, or how it occurred, is not clear.
22. Plaintiff has permanently lost 100% of the use of his right eye.
23. Any medical treatment plaintiff received after 16 November 1993 involving any treatment to his right or left eye was not a result of his work-related accident.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 16 November 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in a minor injury to his chest and right forearm. The injury to plaintiff's chest and right forearm, however, did not result in any loss of time from work or medical expenses. N.C. Gen. Stat. § 97-2(6).
2. There is insufficient evidence of record, including medical expert testimony, to determine that plaintiff's problems with his right eye are related to or caused by his 16 November 1993 injury by accident. N.C. Gen. Stat. § 97-2(6).
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby DENIED.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee of Shashi K. Sethi, M.D., in the amount of $225.00 and the expert witness fee of Dr. David E. Eifrig when same is presented to the undersigned for approval.
This the 13th day of August 1997.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
S/ _____________________ LAWRENCE B. SHUPING, JR. DEPUTY COMMISSIONER
DCS:jmf